UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: REQUEST FOR ISSUANCE OF DMCA SUBPOENAS PURSUANT TO 17 U.S.C. § 512(h) FOR IDENTIFICATION OF ALLEGED COPYRIGHT INFRINGERS | 26-MC-368 (JMF) <br> MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

Erich S. Lima, appearing without counsel, has filed a request for the Clerk of Court to issue subpoenas to Instagram, Inc., Twitter, Inc. (X Corp.), and LinkedIn Corporation pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). *See* ECF Nos. 1-3.

The DMCA allows a "copyright owner or a person authorized to act on the owner's behalf [to] request the clerk of any United States district court to issue a subpoena to" an internet service provider or ISP "for identification of an alleged infringer." 17 U.S.C. § 512(h)(1); *see Charming Beats LLC*, No. 21-MC-773 (GHW) (SLC), 2021 WL 4991329, at *2-3 (S.D.N.Y. Oct. 27, 2021); *In re Watch Tower Bible and Tract Soc'y. of Pa.'s Req. for Issuance of a Subpoena*, No. 18-MC-301 (DLC), 2018 WL 3187355, at *1 (S.D.N.Y. June 28, 2018). A request for a subpoena under the DMCA must be accompanied by (1) "a copy of a notification described in" Section 512(c)(3)(A) of the DMCA; (2) "a proposed subpoena"; and (3) "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(2)(A)-(C); *see Charming Beats LLC*, 2021 WL 4991329, at *2. To meet the requirements of Section 512(c)(3)(A), a notification must include, among other things, "[i]dentification of the copyrighted work" and "[i]dentification of

the material that is claimed to be infringing . . . and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the [internet] service provider to locate the material." 17 U.S.C. § 512(c)(3)(A)(ii)-(iii). "If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider." 17 U.S.C. § 512(h)(4); *see Charming Beats LLC*, 2021 WL 4991329, at *2.

Lima's request fails to meet these requirements because his purported Section 512(c)(3)(A) notification does not include all of the required information. Section III of his purported notification, titled "**IDENTIFICATION OF INFRINGING MATERIAL AND LOCATION**," states in full:

> The following material infringes the Copyrighted Works and is located on your platform:
>
> **Instagram, Inc.:**
> • Username: @kpopjjangjjangjjang
> • Profile URL: https://www.instagram.com/kpopjjangjjangjjang/
> • Infringing Content: Unauthorized copies of Claimant's original pictorial/photographic works posted on this account
>
> **Twitter, Inc. (X Corp.) - Multiple Accounts:**
> • Username: @koryodynasty
> • Profile URL: https://x.com/koryodynasty?lang=es
> • Infringing Content: Unauthorized copies of Claimant's original pictorial/photographic works
>
> • Username: @JRK_Media
> • Profile URL: https://x.com/JRK_Media
> • Infringing Content: Unauthorized copies of Claimant's original pictorial/photographic works
>
> • Username: @HAN_NA_NA_NAH
> • Profile URL: https://x.com/HAN_NA_NA_NAH
> • Infringing Content: Unauthorized copies of Claimant's original pictorial/photographic works

**LinkedIn Corporation:**
• Username: raphaelrashid
• Profile URL: https://www.linkedin.com/in/raphaelrashid/
• Infringing Content: Unauthorized copies of Claimant's original pictorial/photographic works

ECF No. 3, at 1. That is not sufficient to identify either Lima's copyrighted works or the material that he claims to infringe those works, let alone in a manner reasonably sufficient for Instagram, Inc., Twitter, Inc. (X Corp.), and LinkedIn Corporation to locate. It follows that his request for subpoenas pursuant to the DMCA must be and is DENIED. *See In re Watch Tower Bible and Tract Soc'y. of Pa.'s Req. for Issuance of a Subpoena*, 2018 WL 3187355, at *1-2. That denial is without prejudice to a renewed request for subpoenas that complies with all of the requirements of Section 512(h)(2). If Lima files a renewed request, he must include a reference to this application and the Court's denial.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Lima and to close this case.

SO ORDERED.

Dated: August 27, 2026
New York, New York

JESSE M. FURMAN
United States District Judge